Today's cases will be called as previously announced. The times will be as allotted to counsel. The first case today is number 24-1511 Igor Leandro Ramos Goncalves versus James R. McHenry III. At this time, would counsel for the petitioner come to the podium and introduce herself on the record to begin? Good morning, Your Honors. Sierra Perez-Sparks on behalf of Petitioner Igor Quinn-Goncalves and with the court's permission, I'd like to reserve three minutes for rebuttal. You may. Thank you. The agency decision in this case directly conflicts with this court's precedent in Penae to Maldonado. But before I turn to the agency's errors, I'd like to begin with the other threshold issue in this case, which is whether the court can and should hear the petition for review. The answer to both questions is yes. The government argues that hearing this petition would violate Rule 26's bar on extensions of the time to file. That's wrong for two reasons. First, Mr. Quinn-Goncalves mailed his petition on the last day of the statutory period for filing. Under Rule 25, he thus filed his petition within the time set for filing. The second reason the government's argument is wrong is that regardless of how the court interprets the term filing, this case doesn't involve an extension of time. Permitting receipt of the petition for review outside of the statutory time for filing is not an extension of the time to file. And we know that based on the everyday operation of other provisions of Rule 25, such as the inmate filing provision. There, that provision permits papers to be received outside of the time set for filing. And nobody thinks of that provision as affecting an extension of the time to file. Rather, it's the ordinary... ...exception. But it also says that a large part of lower court authority has rejected the argument that a notice of appeal is filed at the moment it's placed in the mail. And then it says, to the extent these cases state the general rule, we do not disturb them. And so, your client was detained, could have taken advantage of the prison mailbox rule, chose not to, and now has a notice of appeal. And I'm not saying this is a considered choice. I understand all the equities here, and I'm sensitive to them. However, decided to hand it to his wife, and the wife proceeded. And I guess my question is, why does, if that's the general rule that I read, and there is an exception that's explained, but this seems to be more like the general rule. A person not in jail, and when did they file it? In the home? And the filing it says here is when it is received by the clerk. And rule five is written very differently than rule 25. And so, the case law and the precedent with respect to notices of appeal is of extremely limited value, I would say, in this case, because what you're ultimately doing is interpreting rule 25 of the appellate rules of procedure. Counsel, I think you're right that that's what we're ultimately doing, and what I'm struggling with is how we can square your reading of the rule with its plain text. So, I understand that you begin by focusing on the filing can be accomplished by mailing, but then there's the rest of the rule, which makes it clear that it's not timely filed unless it's received by the due date. So, I'm concerned that your interpretation essentially ignores the second part of the rule, and that's the part of the rule that's squarely on point to actually the deadline. So, can you respond to that? Yes, Your Honor. So, I agree with you that rule 25 ultimately requires a petition, in this case a petition for review, to be received within the time fixed for filing. That is the plain text of the second half of the rule. However, that receipt requirement is distinct from the rule's setting of the time of filing to mailing. And so, our interpretation is the interpretation that actually gives meaning to the second half, because if you take the government's interpretation of filing, there would be no need for the second half of Roman at one, this general filing provision. Why is that true? Because this is a part of the rule that says you need to get your papers to the court. You can accomplish getting it to the court by mailing, so that's the means that you can use. But in order for it to be timely filed, it has to be received by the deadline. So, the first part is just talking about how can you get it there when it's not electronic, and the second part makes clear when it needs to be thereby. So, again, I'm not sure why the first part does anything other than make clear that mailing is okay. I think it does more than make sure that mailing is okay. To start, and we outline a lot of these points in detail in the brief, but it's the plain text and also the structure of the rule that supports this interpretation. So, the rule to begin at the very start of it states that filing may be accomplished by mail addressed to the court. All right, but if you look at two, right, it says filing and then it says method, right? So, to me, accomplished relates to method. So, there are different ways I could go about finding this. I could email it. I could fax it. I could make it a paper airplane and throw it. Those aren't okay. You can electronically file it, and we create electronic filing. So, the question may have come up, now that we have electronic filing, do we want to have mail? And this says, well, an appropriate method is mail. It can be accomplished by mail. Your reading accomplished means it's been completed at that moment, but that doesn't tie very well to method, which is what this section is titled. Your Honor, I agree that it also describes a method. Another non-electronic method could potentially be hand delivery, and this rule isn't about hand delivery. It's about mail. So, yes, it's about method, but it's about more than that, and we know this because of not just of how I've presented the text of the first part of the rule, but also just because of the structure of the rule. We can look at the Romanettes 2 and 3 about recent appendices and the inmate filing provision, and we see there that these provisions are using different receipt requirements. And so, the rule as a whole, Rule 25, bifurcates conceptually filing from receipt, and it does so in order to provide a variety of receipt requirements, depending on various factors. What type of document it is, who's filing it in an institution, for example. And so, ultimately, Rule 25 does require the paper to be received. However, receiving the paper, permitting receipt outside of the time set for filing, isn't an extension of time. I understand that, and I concede, we did not comply with every technical requirement of Rule 25, but hearing this case would not affect an extension of the time to file. And I go back to the inmate filing provision, which I understand was first developed as an exception in Houston. It has been codified. But nobody views the exception or the provision as being an extension of the time to file, and neither did the Supreme Court in Houston. The Supreme Court there said filing was, the point of filing was set at the point of mailing in that case. But counsel, the second part of the rule that's relevant to these circumstances, because as Judge Aframe pointed out, your client chose not to use the prison mailbox system, the second part of the rule says very clearly that the filing is not timely made unless the clerk receives the papers by the deadline. So that is the time requirement, and if it's not received on time, it's not timely. So we would have to be extending the time, I think, under the plain language. So I'm just wondering, if we don't agree with your reading of Rule 25, can you still win on your argument that the petition was timely filed? Your Honor, I would point out that the prohibition is on extension of the time to file, correct, and under Rule 26. And so we're asking that you not extend the time to file, as in mail the petition for review, but just extend the time for the court to receive the paper. And, excuse me, the Supreme Court has done so in analogous circumstances in Houston. The inmate filing provision routinely permits this. About that, Ms. Perez-Sparks, could I ask you a question? Do you know whether the Academy or whether there are other studies that suggest that the way the rule operates, as we have suggested the rule should be interpreted through our questions, they're just questions, works to the disadvantage of pro se filers? Do you know whether there's statistics about that? Your Honor, I am personally not aware of statistics about that. But certainly, the fact that Mr. Quinn-Goncalves was pro se and detained in this case is central to what's going on here. But you're not aware of any law review articles, studies, anything? Okay. I have another unrelated question before you run out of time. And that is, can you tell me what the record shows, if anything? I want to go to the front end of this. The BIA's order is dated, it was mailed to counsel at that time. Courtesy copy was mailed to your client. Was your client represented by counsel at that time? Do you know? My client was represented in proceedings before the agency. And this is contained in Mrs. Quinn-Goncalves' declaration that we have in our addendum, the end of our opening brief. He did not have counsel for the purposes of appealing that decision. So my actual question is, did counsel ever send counsel's copy or give notice to the client? And if so, when? So the client was never informed by his counsel how to appeal, what to do. I'm sorry, Your Honor, if I may finish the thought. Never informed how. We do know, and we have this in the declaration, that he became aware of the decision at least by May 8th. But service on the immigrant is, when represented by counsel, is accomplished by mailing to counsel. And it's the date of mailing, I assume, as opposed to date of issuance. That's kind of beside the point. Is that by rule or by statute? Is it by rule or statute? How service is accomplished. Your Honor, I'm not sure. I think it's by rule. I'm just wondering. None of this has come up in the proceedings so far, I take it. No, Your Honor. Can I ask one question? So is your position, if we think that Rule 25 makes filing when it's received, what is your position on is there any equitable authority, is equitable tolling available? If we think Rule 26B generally applies, are there any additional doctrines that you think permit? Extending the time in the way you want. Well, Your Honor, if you think that Rule 26 does apply with respect to this argument under the general filing requirement, I do think you can still hear this petition by suspending the requirement that Mr. Quincuncobs had filed the petition using the institution's mail system. And the government hasn't suggested that Rule 26 bars suspending that requirement. But again, Your Honor, as I've discussed this morning and in our briefs, I put to you that even if you disagree with how we have presented filing to you, simply permitting receipt outside of the time fixed for filing isn't an extension of time that's barred by Rule 26. It's just something else that the court can do under its broad equitable powers under Rule 2. Thank you, counsel. Thank you, counsel. At this time, counsel for the respondent, please introduce himself on the record to begin. Good morning, Your Honors. Christopher Pryby for the Attorney General. May it please the Court. As Your Honors have mentioned, the plain reading of Rule 25 is that receipt is the time of filing. There's no separation as the petitioner is trying to make there. That means that Rule 26 applies and that means that Rule 2 can't be used to suspend the receipt requirement. Counsel made the point that maybe you can suspend the prison mailbox requirement of the prison mailbox rule, but no court has ever adopted that sort of suspension. And I've cited several cases where they've rejected that extension because it goes against the reason that the Supreme Court made the prison mailbox rule in Houston or Houston perhaps. So and the petitioner has not argued that any sort of equitable tolling authority exists outside of Rule 2. They didn't argue that there's a statutory authority to toll that statutory deadline either. What's your position on that? Forget what they say. Is the government, is equitable tolling available? No, Your Honor. There's no exception in the statute itself. If it's not jurisdictional, and let's assume for the moment it's not, then tell me why we can't use equitable tolling to toll the statute, just toll the filing requirement. It is a mandatory claim filing rule. And just like exhaustion, if the opposing party raises the mandatory claim processing rule, then it must be followed. So the government has raised it extensively in this case, and it must be followed, this court must follow it. I also provided some additional authority. Apologies for the late submission, but Castle Duke versus, I can't remember the last name, Diaz I think, that is a case where this court actually said filing is the time of actual delivery into custody of a receiving officer. And that has also been cited by this court in 1995, so it's still good law on this. And it applies not just in the notice of appeal context, but also in agency petition context, through this court's explication of the rule in the D.C. Circuit case, the Iron Works case. It's also telling that there's no court case that adopts the petitioner's interpretation of Rule 25. And there's no, as I mentioned, there's no court that has suspended the prison mailbox requirement. And last, I also wanted to point out that the bases on which they are trying to claim some, that the equities of this case, many of them are from the prison mailbox. They are from a source that has not been proven to be trustworthy. As in the motion practice portion of this case, there were some discrepancies in Ms. Quinn-Goncalves' filings, and there's some credibility issues there that this court would need to consider if it wanted to go into the equities. If this court has no other questions. What's the agency rule for receipt of filing? Do you know how that works? Is there a postmark rule? Is it a, has to be received? Do you know? Do you mean for the board? Yeah. It has to be received by the board. I don't have the exact citation, but I know that I'm very, I'm quite confident that's the rule, yes. Thank you. Counsel, can I ask you about the merits here for a moment? Yes, Your Honor. You had argued in your brief that the BIA didn't actually impose an animus requirement in its ruling, but I have to say when I read it, it did seem like it was imposing that requirement, so I'd appreciate if you could elaborate on your view of why it was not. So the only portion that speaks to animus is the second paragraph on ADD4. It says the gang's, excuse me, the immigration judge further found without clear error, so this is a clear error analysis. It's not a legal analysis, that gang members were motivated to recuperate the debt owed by the respondent's father rather than holding an animus against the family. Doesn't Pineda say that's not the right way to think about it? I'm sorry, Your Honor? Doesn't Pineda, that's the name of our case, doesn't our case say that's not the way to think about it? Because the debt, the fact of the debt, animus is required, that they want to recover the debt by going after the son, and maybe that will make the father pay up so that the son doesn't get hurt. That's not animus against the family. That's concern about the debt, and that's what our case says. So you describe it as a non-legal error, but when the board says what you just read is the reason we're finding this is because there's no animus, and we've said that's not the thing to think about. That seems to me to be a legal error. So it says rather than holding an animus against the family. So I see it as, I read it as the board is saying this is what has been found. They are motivated by the debt. You did not show an animus, and the gang's attempts to get to the father through the family do not establish error in the incidental finding. But counsel, the incidental language, that is the legal standard, right? Because what we're looking for is whether the protected ground is incidental or one central reason. So this to me, this paragraph seems to be saying relatively clearly that they decided it was not error, and it was incidental because there was no animus. And we have said in our case law that animus is not required. So your view is just because of the words clear error, all of this is factual rather than legal? So the presence of an animus is not, certainly not a requirement under this court's case law, at least as animus was described in the footnote in Pineda Madana, of anger, hostility towards the family itself. That's certainly not a requirement. The absence of an animus, even though it's not a requirement, can also be probative of the lack of a familial tie. So that's a way it could be a factual finding rather than a legal requirement. So in this case, there's no finding of some sort of hostility against the family. There's only a debt. And then as in Pineda Madana, they said there's no reason other than the blood relation that the debt is somehow imputed to the family member. The gang never actually says they're imputing the debt to the family member. They're saying we want to recover the money. We are going to hurt him because we want to recover the money. They're not saying that we are going to impute the debt as they did in Pineda Madana. I guess my question, though, is when we have said fairly clearly that animus is not part of the standard and we have a BIA opinion that clearly is looking at animus, a lack of finding of animus as a reason to affirm that the persecution was not on account of a protected ground, how can we understand that is not an error? I think the way it is not an error is that this court has not said animus is required. But it has not said, it has also said it's a sufficient condition. So it is relevant to the, in Pineda Madana, this court said it's a sufficient condition for finding of a protected ground, a protected motive. So that sufficiency makes it probative to the overall analysis. Here there is a rejection, and we can look up above, there's a rejection even of the BIA opinion. The notion that they targeted him, they mistreated him during his recruitment or the recruitment attempts because of his relationship to his father. So if we look up there to that factual finding in the first paragraph, and then we also look down to the fact that there's a debt owed, and we also don't see any animus here. We just don't think that there's enough evidence here based on those findings to find clear error in the immigration judge's decision. That's how I think, that's how this ruling is squared with Pineda Madana. Thank you, counsel. Thank you, Your Honors. Thank you, counsel. At this time, would counsel for the petitioner please reintroduce herself on the record. She has a three-minute rebuttal. In my three minutes, I would hopefully like to make two brief points, and then also address some things that the government has said about the merits. The first point, the government has effectively conceded that this court can suspend the filing requirement provision under Roman at three that Mr. Quincuncoz have used the institution's filing system to file his petition. Good cause supports the court so doing. Mr. Quincuncoz and his wife exercised diligence to file the petition, including by contacting a representative of the court clerk's office. Ms. Quincuncoz relied on that guidance and mailed the petition with the understanding that would satisfy Rule 25. I also want to point the court to U.S. v. Anderson, in which the court had characterized its local rules and Rule 2 in terms of largesse with respect to excusing noncompliance with non-jurisdictional rules. And I think doing so is appropriate here. Also a word on the additional authorities the government filed late last night. Those are essentially irrelevant here. Those involve notice of the primary authority, the First Circuit case from the 40s involves a notice of appeal, and in my conversation with Judge Aframe, I addressed why that's not relevant to the question under Rule 25. Furthermore, those cases, including the D.C. case described, are hand-delivery cases. They're not about mailing, so they just aren't very informative here. And, Your Honors, I don't want to leave the podium without stating that, if I could return to good cause for a moment, that refusing to hear this petition would result in Mr. Quincuncoz being deported to a place where he faces a criminal trial. And, Your Honor, I'm arguing that the court could suspend the requirement that Mr. Quincuncoz be deported to a place where he faces persecution, violence, risk of death, all on account of an agency decision that is almost certainly in contravention of this Court's precedent. And so I'm sensitive to that, so can you walk me through one more time how you think there's a good cause exception that we could apply to the inmate filing rule? I just want to make sure I understand that argument. Certainly, Your Honor. I'm arguing that the court can suspend the requirement that Mr. Quincuncoz have used his prison institutional filing system to file. The court can do so under Rule 2. Rule 2 permits this court to suspend any of its procedural rules with the exception of Rule 26's prohibition on extensions of time. Counsel, I'm just trying to understand, if we suspend that part of the rule, though, what does that mean? Because the petition still has to be filed somehow, so then what rule would we be applying? I'm just not quite sure I'm following your suggestion that we suspend it. To do what instead? Well, Your Honor, the petition was filed when he put it in the mail. And even if you disagree, I guess, with the term filing. So he mailed it, and the court received it. Under Romanet 3, the inmate filing exception, that same sent to the court within the time fixed for filing, but receipt outside of the time fixed for filing, is acceptable. Romanet 3 just requires the confined person to have used the institution's mail system. I see. So your argument is we should just act as if he had used the mailbox. Yes, Your Honor. Say dropping it with UPS in this case is functional compliance, let's say, with the legal system. But, Counsel, what would be the limiting principle to what you're proposing, then, since we also have to think about future cases? Certainly, Your Honor. And I do think this is a narrow case here, because you still have to find that good cause supports doing so. This isn't an extension or an exception to the inmate filing exception. But what would be the good cause here that would make this case different from many others that might follow? Certainly. Many of the factors here may be shared with other cases. But they are still factors, like pro se status, his detention since April of 2023, the difficulty he has in communicating, reading and writing in English. However, there are additional factors here that, in combination, I think, surpass a good cause standard. Those additional factors include reliance on the statement of a clerk's office representative. Also, the government has identified no conceivable prejudice of this court hearing the petition. And then, finally, I come back to the strength of the merits in support of good cause here. Because, again, if this court chooses not to hear the petition, Mr. Quingon Calls will be deported to a place where he faces potential death on account of a familial relationship to his father. And that is directly in conflict with this court's holding in Pineda-Maldonado, how the agency got to that decision. I'm in the red, Your Honors. Do you have any more questions for me? I'm happy to answer them. Thank you very much, Counsel.